UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE MARCOS MIRANDA-GARCIA,<br><br>Defendant. | No.   12-cr-06003-SMJ-2<br><br>**ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

Defendant Jose Marcos Miranda-Garcia pleaded guilty to a charge of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 846 and 18 U.S.C. § 2. ECF No. 127. He was sentenced to 120-months imprisonment and 5 years supervised release on March 8, 2013. ECF No. 165. The Ninth Circuit vacated Mr. Miranda-Garcia's sentence and remanded for resentencing. ECF No. 192 at 2. Mr. Miranda-Garcia was resentenced to 108-months imprisonment and 5 years supervised release on June 16, 2014. ECF No. 206. He again appealed, and the Ninth Circuit affirmed, issuing its mandate July 7, 2015. ECF No. 227. Mr. Miranda-Garcia subsequently moved to reduce his sentence on November 3, 2015. ECF No. 233. The Court denied this motion on January 29, 2016. ECF No. 238.

Mr. Miranda-Garcia filed the instant Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 on October 23, 2017. ECF No. 242. He also simultaneously filed a letter, ECF No. 243, which the Court construes as asserting an additional ground for relief. In these filings he argues that his sentence should be reduced because (1) he was punished more severely than his co-defendant in this matter, who received a 96-month sentence because the court incorrectly found he was a leader in the conspiracy; (2) his trial counsel was ineffective, specifically that counsel failed to make an adequate argument regarding sentencing disparity and refused to argue for downward adjustment based on cultural assimilation; and (3) he is eligible for a reduction under Amendment 782 to the Sentencing Guideline.

Mr. Miranda-Garcia's first and third arguments have previously been considered and addressed in this case, and the Court finds no basis to revisit those decisions. The sentencing judge did not find that Mr. Miranda-Garcia was a leader in the conspiracy and his 108-month sentence already accounts for the reduction under Amendment 782. With respect to ineffective assistance of counsel, Mr. Miranda-Garcia has failed to demonstrate that his counsel's performance was deficient. Mr. Miranda-Garcia's counsel made competent arguments at sentencing, including arguing that Mr. Miranda-Garcia should be sentenced

consistently with his co-defendant and that the court should consider cultural assimilation in its Section 3553 analysis.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, **ECF No. 242**, is **DENIED.**

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 2nd day of March 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER MOTION TO
REDUCE SENTENCE - 3